THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RAYMOND MAX SNYDER,<br><br>Plaintiff,<br><br>v.<br><br>FOURTH JUDICIAL DISTRICT OF UTAH, et al.,<br><br>Defendant. | **SUA SPONTE MEMORANDUM DECISION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE**<br><br>Case No. 4:24-cv-00002-DN-PK<br><br>District Judge David Nuffer |

Raymond Snyder's ("Snyder") Complaint alleges: (1) the Fourth Judicial District of Utah made an improper ruling against him in his lawsuit against his former divorce attorneys and wrongly concluded that he was a vexatious litigant;[1] (2) his former divorce attorneys, Justin Heideman, and Thomas McCosh, exploited him during his divorce with his ex-wife;[2] and (3) his ex-wife assisted Snyder's former divorce attorneys in exploiting him and obtaining improper judgments against him.[3] On January 17, 2024, three Memorandum Decisions and Orders dismissed with prejudice three of Snyder's other lawsuits that involved similar allegations and designated Snyder as a restricted filer.[4]

---

[1] Complaint, docket no.1, at 7-9, filed January 5, 2024.

[2] Complaint, docket no.1, at 20-21.

[3] Complaint, docket no.1, at 8.

[4] *Raymond Max Snyder v. Judge Marvin Bagley, et al.*, 4:23-cv-00007-DN-PK, docket no. 80, filed January 17, 2024; *Raymond Max Snyder v. Sixth Judicial District of Utah, et al.*, 4:23-cv-00008-DN-PK, docket no. 44, filed January 17, 2024; *Raymond Max Snyder v. Alex Goble, et al.*, 4:23-cv-00056, docket no. 84, filed January 17, 2024.

## A. BACKGROUND

### 1. Snyder's three other lawsuits were dismissed under the abstention doctrine and *Rooker-Feldman* doctrine

Snyder's three other lawsuits alleged: (1) various state court judges violated his civil rights;[5] (2) the district court, a judge, and an attorney colluded to allow an insurance company to breach their contract with Snyder;[6] (3) his ex-wife and her attorney knowingly filed false documents during the couple's divorce litigation;[7] (4) various police officers and a County Attorney covered up the fact that Plaintiff was poisoned with Viagra;[8] and (5) Plaintiff was "set up" for arrest by a police department for criminal charges.[9]

On October 5, 2023, United Magistrate Judge Paul Kohler signed three identical Report and Recommendations that recommended, after careful analysis, that Snyder's three actions be dismissed with prejudice and Snyder be designated as a restricted filer.[10] A January 17, 2024, order adopted Judge Kohler's three Report and Recommendations; dismissed Snyder's three lawsuits with prejudice; and designated Snyder as a restricted filer.[11] Snyder's three lawsuits were dismissed under: (1) the abstention doctrine articulated in *Younger v. Harris* that requires the district court to abstain from ruling on certain proceedings that are already being litigated in

---

[5] *Raymond Max Snyder v. Judge Marvin Bagley*, *et al.*, 4:23-cv-00007-DN-PK, Memorandum Decision and Order, docket no. 80, at 3.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Raymond Max Snyder v. Judge Marvin Bagley*, *et al.*, 4:23-cv-00007-DN-PK, docket no. 78, filed October 5, 2023; *Raymond Max Snyder v. Sixth Judicial District of Utah*, *et al.*, 4:23-cv-00008-DN-PK, docket no. 42, filed October 5, 2023; *Raymond Max Snyder v. Alex Goble, et al.*, 4:23-cv-00056, docket no. 82, filed October 5, 2023.

[11] *Raymond Max Snyder v. Judge Marvin Bagley*, *et al.*, 4:23-cv-00007-DN-PK, docket no. 80, filed January 17, 2024; *Raymond Max Snyder v. Sixth Judicial District of Utah*, *et al.*, 4:23-cv-00008-DN-PK, docket no. 44, filed January 17, 2024; *Raymond Max Snyder v. Alex Goble, et al.*, 4:23-cv-00056, docket no. 84, filed January 17, 2024.

state court;[12] and (2) the *Rooker-Feldman* doctrine that "prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced."[13]

### 2. Snyder's fourth lawsuit pertains to allegations and claims similar to his three other lawsuits

Snyder's current complaint ("Snyder's fourth lawsuit") alleges: (1) the Fourth Judicial District of Utah violated Snyder's due process and civil rights because the Fourth Judicial District of Utah ruled against Snyder in his lawsuits against his former divorce attorneys; (2) Snyder's former divorce attorneys abused and exploited him to obtain an improper ruling against him; and (3) Snyder's ex-wife worked with Snyder's former divorce attorneys to obtain an improper ruling against him.[14] These allegations pertain to the same issues that were alleged in Snyder's three other lawsuits that were previously dismissed with prejudice.

### B. DISCUSSION

### 1. The District Court is required to abstain from ruling on Snyder's fourth lawsuit under the abstention doctrine

The abstention doctrine articulated in *Younger v. Harris*[15] requires the district court to abstain from ruling on certain proceedings that are already being litigated in state court. In determining whether the Younger abstention doctrine is appropriate, courts consider whether:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.[16]

---

[12] *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003).

[13] *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (internal quotation marks omitted).

[14] Complaint, docket no.1, at 8, filed January 5, 2024.

[15] *Younger v. Harris*, 401 U.S. 37 (1971).

[16] *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003).

If these three conditions are met "Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain."[17] The claims in Snyder's fourth lawsuit all arise from his divorce proceedings and civil proceedings that derive from his divorce. Additionally, there are multiple ongoing state court proceedings where Snyder's claims are being addressed.[18] These various state courts are adequate forums to litigate the claims raised in Snyder's fourth lawsuit. Moreover, the state proceedings involve important state interests related to family law, and there are no extraordinary circumstances that would allow a federal court to decline to exercise the Younger abstention doctrine.[19] For these reasons, the federal court is required to apply the Younger abstention doctrine and dismiss Snyder's fourth lawsuit.

### 2. To the extent that the claims in Snyder's fourth lawsuit are not ongoing in state court, then the District Court is barred from exercising jurisdiction under the *Rooker-Feldman* doctrine

It appears that all of Snyder's claims are ongoing in some form in state court.[20] However, to the extent that any of Snyder's claims are not ongoing but concluded, Snyder's claims would be barred by the *Rooker-Feldman* doctrine. This doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced."[21] Therefore, to the extent that the claims that comprise Snyder's fourth lawsuit are not ongoing in state court, the District Court is barred from exercising jurisdiction over these cases pursuant to the *Rooker-Feldman* doctrine.

---

[17] *Id.*

[18] *Raymond Max Snyder v. Judge Marvin Bagley, et al.*, 4:23-cv-00007-DN-PK, Memorandum Decision and Order, docket no. 80, at 3.

[19] *Thompson v. Romeo*, 728 F. App'x 796, 798 (10th Cir. 2018) (holding that district court properly applied *Younger* abstention to dismiss claims arising from orders entered in ongoing state-court divorce proceeding).

[20] *Raymond Max Snyder v. Judge Marvin Bagley, et al.*, 4:23-cv-00007-DN-PK, Memorandum Decision and Order, docket no. 80, at 4.

[21] *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (internal quotation marks omitted).

## C. ORDER

IT IS HEREBY ORDERED that this case is dismissed with prejudice. The Clerk is

directed to close this case.

Signed January 24, 2024.

BY THE COURT

David Nuffer
United States District Judge